IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD HAJEL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 2:10cv137 ) **Electronic Filing** |
| ALLEGHENY LUDLUM., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

May 25, 2010

**I. INTRODUCTION**

Plaintiff, Todd Hajel ("Hajel" or "Plaintiff"), filed a complaint against Defendant, Allegheny Ludlum ("Ludlum"), alleging: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, (2) retaliation under the ADA, and (3) violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. § 951 *et seq*. Hajel contends that Ludlum discriminated against him when he was placed on involuntary medical leave subsequent to a physical examination conducted by Ludlum's physician. Ludlum filed a motion to dismiss, Hajel has responded and the motion is now before the Court. For the reasons that follow, Ludlum's motion shall be granted.

**II. LEGAL STANDARD FOR MOTION TO DISMISS**

In deciding a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). It had long been part of the Rule 12(b)(6) standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355

U.S. 41, 45-46 (1957). The United States Supreme Court, however, disavowed the "no set of facts" language as part of the Rule 12(b)(6) standard, instructing: "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Therefore, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

The Court of Appeals for the Third Circuit summarized the *Twombly* formulation of the pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d at 234 (internal citations omitted). In so deciding, a court usually looks "only to the facts alleged in the complaint and its attachments without reference to other parts of the record," *see Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994), but it also may consider "matters of public record . . . and undisputedly authentic documents attached to a motion to dismiss." *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

### III. STATEMENT OF THE CASE

Allegheny Ludlum, part of Allegheny Technologies, Inc., is a Pennsylvania Corporation

2

engaged in the business of manufacturing specialty metals. Complaint ¶ 2. In May of 2006, Hajel was hired by Ludlum as a laborer. Complaint ¶ 7. Prior to the beginning of Hajel's employment with Ludlum and continuing through the present, Hajel suffers from physical impairments of hypertension and severe arthritis of his neck and left shoulder. Complaint ¶ 9. Because he is unable to endure other common treatments for his impairments, Hajel is required to take medications, including Hydrocodone and OxyContin, to control the pain. Complaint ¶ 10. Hajel had been taking this medication throughout his course of employment and had not had any accidents, work related injuries, or performance problems. Complaint ¶ 15. Hajel admits that his physical impairments, and required medication, neither substantially limit a major life activity nor require accommodation. Complaint ¶ 11.

In 2007, Hajel disclosed his medical conditions and medications to Ludlum's physician at the annual physical examination required by Ludlum. Complaint ¶ 12 & 13. In November of 2008, Ludlum's physician conducted another annual physical examination of Hajel. Complaint ¶ 13. As a result of the 2008 examination, Ludlum required Hajel to take a medical leave beginning November 18, 2008. Complaint ¶ 14. Hajel returned to work on March 27, 2009 after an independent physician confirmed that Hajel was able to safely perform his job duties while taking the required medication to control the pain related to his physical impairments. Complaint ¶ 18.

Prior to the commencement of the current action and during Hajel's involuntary medical leave, Hajel filed a charge of discrimination against Ludlum with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") contending that Ludlum regarded him as disabled. Complaint ¶ 24. The EEOC issued a right to sue letter on November 5, 2009. Complaint ¶ 24.

## IV. DISCUSSION

### A. Applicable Law

The ADA Amendments Act of 2008 ("ADAAA"), which made changes to the ADA, was signed into law on September 25, 2008 and became effective on January 1, 2009, after the alleged discriminatory conduct at issue in this case. The Court of Appeals for the Third Circuit has not decided whether the ADAAA is retroactive, *Lekich v. Pawlowski*, 2010 U.S. App. LEXIS 1051 (3d Cir. Pa. Jan. 15, 2010), however, several courts, including this District Court[1], have declined to apply the ADAAA retroactively. *See e.g. EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 n.8 (5th Cir. 2009) (holding that the ADA Amendment "changes do not apply retroactively"); *Fikes v. Wal-Mart, Inc.*, 322 Fed. Appx. 882, 883 n.1 (11th Cir. 2009) (applying the "ADA as it was in effect at the time of the alleged discrimination"); *Kiesewetter v. Caterpillar, Inc.*, 295 Fed. Appx. 850, 851 (7th Cir. 2008) (declining to apply the ADAAA retroactively); *Britting v. Shineski*, 2010 U.S. Dist. LEXIS 10190 (M.D. Pa. Feb. 5, 2010)(refusing to apply the ADAAA retroactively to conduct that preceded its effective date).

To determine whether a federal statute should be applied in cases which relate to conduct that occurred before the statute was enacted, the Court must first consider whether the language of the statute expressly commands such application. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994) (stating "retroactivity is not favored in the law…. Congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result" (citation omitted)) . Finding no language in the ADAAA expressly commanding application of the amendments to conduct before January 1, 2009, the Court must determine whether the new statute "would impair the rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf v. USI Film Prods.*, 511 U.S. at 280. "If the statute would operate

---

[1] In *Parker v. Midwest Air Traffic Control*, No. 08-218, 2009 WL 1357238, *4 (W.D. Pa. May 12, 2009), Judge Ambrose declined to apply the ADAAA retroactively.

4

retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." *Id.*

Here, the application of the ADAAA to Ludlum's pre-enactment conduct would increase its liability for past conduct because the amendments substantially broaden the class of protected individuals under the ADA. Therefore, this Court declines to apply the ADAAA retroactively to the present case, and shall apply the Act in effect at the time of the alleged discriminatory conduct.

> B.   Discrimination Under the ADA and PHRA

Hajel claims that Ludlum discriminated against him when Ludlum required him to take an involuntary medical leave contending that Ludlum regarded Hajel as having a disability under the ADA. Suits for unlawful discrimination under the ADA follow the familiar burden-shifting paradigm set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* at 802-806; *Olson v. GE Astrospace*, 101 F.3d 947, 951 (3d Cir. 1996). Accordingly, to establish a *prima facie* case of discrimination under the ADA, Hajel must demonstrate that: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered from an otherwise adverse employment decision as a result of the discrimination. *Gaul v. Lucent Techs. Inc.,* 134 F.3d 576, 580 (3d Cir.1998). If Hajel establishes that he is disabled within the parameters of the ADA, then the burden shifts to Ludlum to provide a non-discriminatory reason for the alleged discriminatory action. If Ludlum can establish a legitimate reason for the unfavorable employment decision, Hajel must prove by a preponderance of the evidence that Ludlum's explanation for the employment decision is pretextual. *Olson v. GE Astrospace*, 101 F.3d at 951.

The ADA defines disability as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (B) a record of such impairment; or (C) being regarded as having an impairment. 42 U.S.C. § 12102 (1). Although not specifically

expressed in the "regarded as" element of 42 U.S.C. § 12102(1)(C), the employer must regard the employee as having a long term impairment. *Rinehimer v. Cermcolift,* 292 F.3d 375, 380-381 (3d Cir. 2002). An individual with a temporary impairment lasting only a few months will not qualify for protection under the ADA. *See, e.g., Id.*; *Ashton v. American Telephone & Telegraph Co.*, 225 Fed. Appx. 61, 66-67 (3d Cir. 2007); *Holmes v. Pizza Hut of America, Inc.*, No. 97-4967, 1998 WL 564433, *4 n.5 (E.D. Pa. 1998).

Because Hajel admitted that he does not have an actual disability that limits a major life activity, the relevant inquiry in the instant case is whether Ludlum perceived Hajel as disabled within the meaning of the ADA. Under the ADA, a person is regarded as having a disability if the individual: (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) has no such impairment but is treated by a covered entity as having a substantially limiting impairment. *Eshelman v. Agere Sys.*, 554 F.3d 426, 434 (3d Cir. 2009) (citations omitted); *see also* 29 C.F.R. § 1630.2(l). To prove a regarded as claim, Hajel must prove that either: (1) despite having no impairment at all, Ludlum erroneously believed that he had an impairment that substantially limited one or more life activities; or (2) that Hajel had a non-limiting impairment that Ludlum mistakenly believed substantially limited one or more life activities. *Eshelman v. Agere Sys.,* 554 F.3d at 434.

Hajel contends that Ludlum regarded him as disabled when they required him to take a medical leave. However, this alone is not enough for this Court to determine that Ludlum perceived Hajel as substantially limited in one or more major life activities. "Forced medical leave by itself will not necessarily ground a regarded-as claim, because concern for an employee is not a belief in that employee's disability." *Emerick v. Norfolk S. Ry. Co.*, 2006 U.S. Dist. LEXIS 89605, *29 (W.D. Pa. Dec. 12, 2006)(citing *Parker v. Port Auth.*, 90 Fed. Appx. 600 (3d Cir. 2004) (nonprecedential opinion). In *Emerick*, the defendant's physician determined that the

6

plaintiff could not perform his job duties safely so the defendant required plaintiff to take a medical leave. *Id.* at *4-5. Although the plaintiff's job performance was satisfactory, the job required physically demanding tasks around heavy equipment and the court determined that an employer must be permitted to evaluate the safety of the working environment without fearing a federal lawsuit. *Id.* at *32. The court held that requiring an employee to take an involuntary medical leave is not sufficient to establish that the employer regards the employee as disabled under the ADA because it would disregard the importance of the employer's safety concerns for its employees and work environment. *Id.* This is especially true when the employee is working in an industrial work environment. *Id.*

In the instant case, Hajel is employed as a laborer in Ludlum's steel mill. Hajel's job duties as a laborer require him to exercise extreme care in order for the job to be performed safely and correctly. Even though Hajel had not had any work accidents or injuries, Ludlum required Hajel to take a medical leave after Ludlum's physician determined that Hajel could not safely perform his job duties because of the medications he used to control his pain. After an independent physician determined that Hajel could safely perform his job duties, Ludlum immediately permitted Hajel to return to work in the same position. Ludlum placed Hajel on medical leave until its safety concerns were satisfied. This does not establish that Ludlum perceived Hajel to have a substantially limiting disability under the ADA. "Employers must be able to use reasonable means to evaluate the safety of the work environment without exposing themselves to ADA claims." *Emerick v. Norfolk S. Ry. Co.*, 2006 U.S. Dist. LEXIS 89605 at *31 (quoting *Cody v. Cigna Healthcare of St. Louis, Inc.*, 139 F.3d 595, 599 (8th Cir. 1998)).

> [To hold that] placing an employee on medical leave is, by itself, sufficient evidence to create an issue of material fact regarding whether an employer regarded that employee as disabled .... would discourage employers from taking such preliminary or temporary steps to keep their mployees happy for fear that showing concern for an employee's alleged medical problems could draw them into court facing an ADA claim based on a perceived disability.

*Id. (*citing *Kramer v. Hickey-Freeman, Inc.*, 142 F.Supp.2d 555, 560 (S.D.N.Y.2001). *See also Yeske v. King Soopers, Inc.*, 13 Fed. Appx. 802, 804 (10th Cir. 2001) (unpublished opinion) (holding that a forced medical leave of absence does not by itself establish that an employee was regarded as disabled).

Based on the above, this Court finds that Hajel's forced medical leave does not lead to an inference that Ludlum perceived him as having a substantially limiting disability under the ADA. Accepting all Hajel's facts as true, he fails to establish that Ludlum regarded him as having a disability that substantially limited one or more life activities. Moreover, Hajel works at an industrial site where extreme caution and safety are a priority to the employer. Ludlum was merely protecting the safety of its employees and work environment. Because Hajel is not disabled according to the ADA's definition, his discrimination claim under the ADA and PHRA must be dismissed.

    C.    <u>Retaliation Under the ADA</u>

The ADA's anti-retaliation provision states:

> No person shall discriminate against any individuals because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.

42 U.S.C. § 12203(a). To state a *prima facie* case of retaliation under the ADA a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a casual connection between the employee's protected activity and the employer's action. *Fogleman v. Mercy Hosp.*, 283 F.3d 561, 567-568 (3d Cir. 2002); *Dismore v. Seaford Sch. Dist.*, 532 F. Supp. 2d 656, 665 (D. Del. 2008).

Hajel claims that Ludlum retaliated against him for filing administrative charges by refusing to make Hajel economically whole following his medical leave unless he withdrew the administrative charges. The only fact in support of an adverse employment action, however, is

8

Hajel's allegation that Ludlum refused to provide him back pay during the period he was on involuntary medical leave. *See* Complaint ¶ 33. Ludlum, however, paid Hajel $10,500 for his back pay wage loss during the period of his leave. *See* Defendant's Brief, Exhibits 1 and 2[2]. Hajel admits that he was paid $10,500, but contends that he is not sure he was fully compensated. This is the type of broad conclusory or speculative allegation which the Supreme Court has found insufficient to make a claim facially plausible. *See Bell Atlantic v. Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. at 1951. Having failed to establish an adverse employment action, Hajel fails to state a *prima facie* case under the anti-retaliation provision of the ADA.

V. CONCLUSION

For the reasons set forth above, the Court finds that Hajel failed to establish a *prima facie* case of either discrimination or retaliation under the ADA and PHRA. Accordingly, Ludlum's Motion to Dismiss shall be granted. An appropriate order will follow.

  s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Neal A. Sanders, Esquire
Dirk D. Beuth, Esquire
Law Offices of Neal A. Sanders
1924 North Main Street Ext.
Butler, PA 16001

David J. Kolesar
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222

---

[2] A court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008).